# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JORGE MOCTEZUMA, ET AL. § | |
| § | Civil Action No. 4:18-CV-342 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| DION ISLAS D/B/A ADVANCED § | |
| ELECTRIC D/B/A M.I. SKYLER § | |
| CONSTRUCTION AND CUSTOM § | |
| HOMES § | |

**MEMORANDUM ADOPTING IN PART REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 28, 2019, the report of the Magistrate Judge (Dkt. #79) was entered containing proposed findings of fact and recommendations that Plaintiffs Jorge Moctezuma and Jesus Garcia's Motion to Enforce Settlement Agreement (Dkt. #69) be granted in part and denied in part. Having received the report of the Magistrate Judge, considered Plaintiffs' Partial Objections (Dkt. #80), and conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted, in part, as set forth herein.

**RELEVANT BACKGROUND**

Plaintiffs initiated the instant action against Dion Islas d/b/a Advanced Electric d/b/a M.I. Skyler Construction and Custom Homes on May 10, 2018, seeking damages for unpaid wages and breach of contract (Dkt. #1 at pp. 1-2). After the Parties resolved their disputes through the execution of a settlement agreement, Defendant failed to make payments in accordance with such agreement (Dkts. #69 at p. 3; #69-2 at p. 2; #69-3). Plaintiffs filed a Motion to Enforce Settlement Agreement (Dkt. #69). To date, Defendant has never responded to the Motion. On December 28,

2019, the Magistrate Judge entered a report and recommendation, recommending the Motion to Enforce Settlement Agreement be granted in part, and denied in part (Dkt. #79). Plaintiffs raise a single objection to the Report—namely, that Plaintiffs should be provided an opportunity to request reasonable attorney's fees (Dkt. #80). Neither Plaintiffs nor Defendant have objected to the Magistrate Judge's remaining findings, which include: (1) the Court has authority to enforce a settlement agreement; (2) the validity and enforcement of the agreement is governed by federal law because it involves a federal claim; and (3) the Parties executed a valid and binding agreement that should be enforced (Dkt. #79 at pp. 3-8). Accordingly, these findings are hereby adopted.

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

"Plaintiffs respectfully object to the report only to the extent it recommends a denial of Plaintiffs' request for reasonable attorney's fees" (Dkt. #80 at p. 1). Plaintiffs "calculate that they incurred $5,267.00 in reasonable attorneys' fees" (Dkt. #80 at p. 2) and "request this Court afford them the opportunity to make a submission to the Court as to the reasonable attorneys' fees incurred as a result of Defendant's breach of the settlement agreement before entry of final judgment against Defendant" (Dkt. #80 at p. 2). In support of their assertion that Plaintiffs properly requested fees before the Magistrate Judge, Plaintiffs point to the proposed order attached to their Motion to Enforce Settlement Agreement, which includes language that "Plaintiffs are directed to submit their application for fees within 14 days" (Dkts. #80 at p. 2; #69-5).

In the Report and Recommendation, the Magistrate Judge opined:

In addition to arguing the Settlement Agreement is enforceable, Plaintiffs argue that they are entitled to attorney's fees under Chapter 38 of the Texas Civil Practice and

2

> Remedies Code [Dkt. 69 at 3]. Under the Texas law, "[a] person may recover reasonable attorney's fees from an individual or corporate, in addition to the amount of a valid claim and costs, if the claim is for. . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8). Even assuming Plaintiffs may seek fees under Chapter 38, Plaintiffs have not met their burden as to the amount and/or any calculation of reasonable attorney's fees under § 38.001. Rather, Plaintiffs merely request "attorneys' fees and costs in an amount to be determined by this Court" [Dkt. 69 at 1]. Therefore, at present, the Court recommends Plaintiffs' request for attorney's fees be denied.

(Dkt. #79 at p. 9). At present, it is unclear whether Plaintiffs are entitled to attorney's fees under the Texas Civil Practice and Remedies Code and/or in what amount. To the extent the Magistrate Judge's denial of Plaintiffs' request for reasonable attorneys' fees precludes further submission, the Court rejects such finding by the Magistrate Judge. Plaintiffs should be afforded an opportunity to show their entitlement to attorneys' fees by separate motion supported by both applicable authority and sufficient evidence of the reasonable fees incurred. Accordingly, the Court takes the issue of attorney's fees under advisement until such time as it has had an opportunity to consider Plaintiff's further motion.

## CONCLUSION

Having considered Plaintiffs' Partial Objections (Dkt. #80), the Court adopts, in part, the Magistrate Judge's report (Dkt. #79) as the findings and conclusions of the Court as set forth herein. The Court rejects the Magistrate Judge's finding denying attorneys' fees. Accordingly,

It is therefore **ORDERED** that Plaintiffs' Motion to Enforce Settlement Agreement (Dkt. #69) is **GRANTED** as to enforcement of the Settlement Agreement. The Court shall enforce the Settlement Agreement. The Court takes the issue of attorney's fees under advisement.

3

It is further **ORDERED** that Plaintiffs shall proceed in filing any application for fees, with specific supporting authority on the issue of Plaintiff's entitlement to attorney's fees, within fourteen (14) days following entry of this Memorandum.

**IT IS SO ORDERED**.

**SIGNED this 4th day of February, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE