# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JORGE MOCTEZUMA, ET AL. § § § v. § § DION ISLAS D/B/A ADVANCED § ELECTRIC D/B/A M.I. SKYLER § CONSTRUCTION AND CUSTOM § HOMES § § | Civil Action No. 4:18-CV-342 (Judge Mazzant/Judge Nowak) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Dion Islas's Motion to Dismiss and Objections to Report and Recommendation of U.S. Magistrate Judge (Dkt. #83), which the Court construes as a request for reconsideration under Rule 54(b). Plaintiffs have filed a Response in opposition (Dkt. #84). Having reviewed Defendant's Motion, Plaintiffs' Response, and all other relevant filings, the Court finds Defendant Dion Islas's Motion to Dismiss and Objections to Report and Recommendation of U.S. Magistrate Judge (Dkt. #83) is **DENIED**.

## RELEVANT BACKGROUND

The Court has extensively summarized the factual and procedural background of this case in the April 26, 2019 Report and Recommendation of United States Magistrate Judge (Dkt. #62), and in the December 28, 2019 Report and Recommendation of United States Magistrate Judge (Dkt. #79). Accordingly, the Court presents here only the background relevant to its analysis of the instant Motion.

In or around May 2019, the Parties advised the Court they had reached a resolution of their dispute. Subsequent to execution of the Parties' Settlement Agreement, Defendant failed to comply with its terms, resulting in the filing of a Motion to Enforce Settlement Agreement (Dkt. #69). On December 28, 2019, after providing Defendant ample notice and opportunity to

respond or otherwise appear and be heard, the Magistrate Judge recommended granting in part and denying in part Plaintiffs' Motion to Enforce Settlement Agreement (Dkt. #79).[1]  Defendant did not timely file any objection to such recommendation.  Accordingly, on February 4, 2020, the undersigned adopted in part the Magistrate Judge's report, finding the Settlement Agreement entered into by the Parties should be enforced, leaving only the issue of Plaintiffs' entitlement to attorneys' fees for the Court's consideration (Dkt. #81).  Approximately two weeks after the Court found enforcement appropriate but before entry of a final judgment, Defendant moved to "dismiss" Plaintiffs' Complaint with the filing of the instant Motion, asserting in a single page that he "disagree[s] with th[e] complaint" (Dkt. #83).  Notably, Defendant's Motion does not substantively discuss or address the Parties' Settlement Agreement.

Because the Court adopted the Magistrate Judge's report prior to the filing of Defendant's Motion to Dismiss and Objections to Report and Recommendation of U.S. Magistrate Judge, any objections are untimely and/or otherwise moot; the Court thus construes Defendant's filing as a motion for reconsideration (Dkt. #81).  "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek

---

[1] As outlined in the Magistrate Judge's report, "[w]ithin fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge" (Dkt. #79 at p. 9) (citing 28 U.S.C. § 636(b)(1)(C)).  There were approximately fifty-two days between the filing of the Magistrate Judge's report and the filing of Defendant's instant Motion.  Defendant states he was "not in receipt of this until February 7th, 2020, as it was improperly sent to [Defendant] by equal justice and not signed for" (Dkt. #83).  It is unclear precisely which document Defendant is referencing.  Nonetheless, as Plaintiffs properly point out, "[a] paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete *upon mailing*."  FED. R. CIV. P. 5(b)(2)(C).  The local rules specifically state: "A *pro se* litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address."  Eastern District of Texas Local Rule CV-11(d).  Defendant provided his address—the same address currently listed in ECF—in his original Answer (Dkt. #7 at p. 2).  And that same address was provided by Defendant in his most recent filing—the instant Motion (Dkt. #83).  It appears Defendant may leave select Court filings "unclaimed" (Dkts. #78; #76; #71; #68; #65; #59; #58; #43; #35; #34; #18), and responds only to *certain* filings at his choosing (Dkts. #83; #73; #50; #36; #33; #23; #22; #19; #15; #7; #6).  In addition, Defendant was undeniably made aware of the hearing on the Motion to Enforce Settlement Agreement when the Plano Clerk's Office physically handed him the order rescheduling the hearing *at Defendant's request*.  Defendant declined to appear and to present argument in opposition to the Motion notwithstanding such undeniable knowledge.

reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)). The Court has not entered a final judgment. And because Defendant asks the Court to reverse its prior determinations, the Court construes Defendant's Motion under Rule 54(b).

On a motion to reconsider under Rule 54(b), district courts are to exercise their discretion to consider new arguments and evidence "sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Tolleson v. Livingston*, No. 2:12-CV-201, 2014 WL 1386319, at *2 (S.D. Tex. Apr. 9, 2014). Here, Defendant provides no new arguments or new evidence to warrant reconsideration. He merely baldly asserts he disagrees with Plaintiff's suit. The Court has already considered Defendant's disagreement with the complaint and prior payment of the unpaid wages (Dkts. #62; #66). Defendant cannot relitigate issues that have already been decided against him. The fact remains that Defendant agreed to a resolution of the claims in this case; the Parties entered into a Settlement Agreement which represents a final resolution of the claims and defenses asserted in this action. Even assuming, *arguendo*, that Defendant had timely filed an "objection" to the Magistrate Judge's recommendation to enforce the settlement agreement (which he did not), Defendant's conclusory statement that Plaintiffs

"changed" the agreement does not vitiate the *validity* of the Settlement Agreement (Dkt. #81). The Court has found the Settlement Agreement shall be enforced.

Moreover, Defendant's repeated pattern of dilatory conduct, failure to comply with the Orders of this Court, and claimed ignorance of the Court's proceedings indicates the instant untimely Motion is likely only a further attempt to delay the final resolution of this case. The Court afforded Defendant multiple opportunities to timely respond to the Motion to Enforce, which Defendant chose not to avail himself of (*See* Dkt. #84 at p. 3). For these reasons, the Court denies Defendant's Motion (Dkt. #83). The Court shall proceed to enforce the Settlement Agreement and take up consideration of the issue of attorneys' fees in due course (Dkt. #81 at p. 3).[2]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss and Objections to Report and Recommendation of U.S. Magistrate Judge (Dkt. #83) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 27th day of April, 2020.**

*/s/ Amos Mazzant*
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs' Response in opposition requests the Court "warn Defendant that, should he continue to make frivolous, duplicative, or harassing filings, he may be subject to sanctions" (Dkt. #84 at p. 7). Having reviewed Defendant's filing behavior in this case, the Court does advise Defendant the filing of meritless requests for relief and/or the continued failure to comply with Orders of the Court can subject a *pro se* party to sanctions.